1 | Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2 | William M. Pao (SBN 219846)
    william@setarehlaw.com
3 | Alexandra R. McIntosh (SBN 320904)
    alex@setarehlaw.com
4 | SETAREH LAW GROUP
    315 South Beverly Drive, Suite 315
5 | Beverly Hills, California 90212
    Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiffs
    SHERRY MONTGOMERY and
8 | YESENIA ALBA

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DSTRICT OF CALIFORNIA

12 | LOS ANGELES DIVISION

13

14 | SHERRY MONTGOMERY and YESENIA ALBA, on behalf of themselves, all others similarly situated,

Case No.

**CLASS ACTION**

**COMPLAINT**

16 | *Plaintiffs*,

17 | vs.

18 | TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 50, inclusive,

20 | *Defendants*.

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*).

**JURY TRIAL DEMANDED**

1       COMES NOW, Plaintiffs SHERRY MONTGOMERY and YESENIA ALBA (referred to as

2   "Plaintiffs"), on behalf of themselves, all others similarly situated, complain and allege as follows:

3                                    **INTRODUCTION**

4          1.      Plaintiffs bring this class action against Defendant TARGET CORPORATION, a

5   Minnesota corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants")

6   for alleged violations of the Labor Code and Business and Professions Code.  As set forth below,

7   Plaintiffs allege that Defendants have:

8                (1)     failed to provide them and all other similarly situated individuals with meal

9                       periods;

10               (2)     failed to provide them with rest periods;

11               (3)     failed to pay them premium wages for missed meal and/or rest periods;

12               (4)     failed to pay them premium wages for missed meal and/or rest periods at the

13                      regular rate of pay;

14               (5)     failed to pay them at the designated wage scale;

15               (6)     failed to reimburse them for all necessary business expenses;

16               (7)     failed to provide them with accurate written wage statements; and

17               (8)     failed to pay them all of their final wages following separation of

18                      employment.

19      Based on these alleged Labor Code violations, Plaintiffs now bring this class action to

20  recover unpaid wages, restitution and related relief on behalf of themselves, all others similarly

21  situated.

22                         **JURISDICTON AND VENUE**

23         2.      This Court has original subject matter jurisdiction over Plaintiffs' claims pursuant to

24  28 U.S.C. section 1332 because there is complete diversity between the parties and the amount in

25  controversy exceeds the sum or value of $75,000.00. (28 U.S.C. section 1332(a)).

26         3.      Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a

27  substantial part of the events and omissions giving rise to the claims alleged in this complaint

28  occurred in this District.

4.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

### PARTIES

5.    Plaintiff SHERRY MONTGOMERY is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.    Plaintiff YESENIA ALBA is, and at all relevant times mentioned herein, an individual residing in the State of California.

7.    Plaintiffs are informed and believe, and thereupon allege that Defendant TARGET CORPORATION is, and at all relevant times mentioned herein, a Minnesota corporation doing business in the State of California.

8.    Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiffs are informed and believe, and thereupon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs' alleged damages were proximately caused by these defendants, and each of them. Plaintiffs will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

10.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

1                                            **<u>CLASS ALLEGATIONS</u>**

2         11.    This action has been brought and may be maintained as a class action pursuant to

3 Federal Rule of Civil procedure 23 because there is a well-defined community of interest among the

4 persons who comprise the readily ascertainable classes defined below and because Plaintiffs are

5 unaware of any difficulties likely to be encountered in managing this case as a class action.

6         12.    **<u>Relevant Time Period</u>**:  The relevant time period is defined as the time period

7 beginning four years prior to the filing of this action until judgment is entered.

8        **<u>Hourly Employee Class</u>**:  All persons employed by Defendants and/or any staffing agencies
and/or any other third parties in hourly or non-exempt positions in California during the

9        **Relevant Time Period**.

10            **<u>Meal Period Sub-Class</u>**: All **Hourly Employee Class** members who worked in a
shift excess of five hours during the **Relevant Time Period.**

11

12            **<u>Rest Period Sub-Class</u>**: All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period.**

13            **<u>Wage Statement Penalties Sub-Class</u>**:  All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before

14            the filing of this action and ending when final judgment is entered.

15            **<u>Waiting Time Penalties Sub-Class</u>**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three

16            years before the filing of this action and ending when final judgment is entered.

17        **<u>UCL Class</u>**:  All **Hourly Employee Class** members employed by Defendants in California
during the **Relevant Time Period**.

18

19        **<u>Expense Reimbursement Class</u>**:  All persons employed by Defendants in California who
incurred business expenses during the **Relevant Time Period**.

20         13.    **<u>Reservation of Rights</u>**:  Plaintiffs reserve the right to amend or modify the class

21 definitions with greater specificity, by further division into sub-classes and/or by limitation to

22 particular issues.

23         14.    **<u>Numerosity</u>**:  The class members are so numerous that the individual joinder of each

24 individual class member is impractical.  While Plaintiffs do not currently know the exact number of

25 class members, Plaintiffs are informed and believe, and thereupon allege that the actual number

26 exceeds the minimum required for numerosity under California law.

27         15.    **<u>Commonality and Predominance</u>**:  Common questions of law and fact exist as to

28 all class members and predominate over any questions which affect only individual class members.

These common questions include, but are not limited to:

    A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

    F.    Whether Defendants failed to pay class members at the designated wage scale when Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

    G.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

    H.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

    I.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

    J.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

    K.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16.    **Typicality:**  Plaintiffs' claims are typical of the other class members' claims.

1  Plaintiffs are informed and believe and thereupon allege that Defendants have a policy or practice of

2  failing to comply with the Labor Code and Business and Professions Code as alleged in this

3  Complaint.

4      17.    **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives in

5  that they have no interests that are adverse to, or otherwise conflict with, the interests of absent class

6  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiffs will fairly

7  and adequately represent and protect the interests of the other class members.

8      18.    **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that

9  they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in

10  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

11  behalf of Plaintiffs and absent class members.

12      19.    **Superiority:**  A class action is vastly superior to other available means for fair and

13  efficient adjudication of the class members' claims and would be beneficial to the parties and the

14  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

15  and efficiently prosecute their common claims in a single forum without the unnecessary

16  duplication of effort and expense that numerous individual actions would entail.  In addition, the

17  monetary amounts due to many individual class members are likely to be relatively small and would

18  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

19  Moreover, a class action will serve an important public interest by permitting class members to

20  effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

21  potential for inconsistent or contradictory judgments inherent in individual litigation.

22                    **GENERAL ALLEGATIONS**

23      20.    Plaintiff SHERRY MONTGOMERY worked for Defendants as a non-exempt,

24  hourly employee starting from approximately November 11, 2009.

25      21.    Plaintiff YESENIA ALBA worked for Defendants as a non-exempt, hourly

26  employee from approximately April 1999 through January 7, 2019.

27                      **Clock In Process**

28      22.    Plaintiffs and the putative class were trained to clock in for each work shift using an

1   electronic clock that was located outside the employee break room. Plaintiffs and the putative class

2   were required to enter their employee number into the clock and clock in.

3       23.   ALBA worked the early morning shift from 5 am to 1:30 pm. When she arrived at

4   work, she and her co-workers had to wait for a manager to arrive, so they were able to clock in for

5   their shifts.

6       24.   This caused ALBA and the putative class to form a line at the electronic time clock

7   which averaged about five to seven minutes that she would have to wait to clock in.

8                               **Clocking In/Off-the-Clock**

9       25.   ALBA worked the early morning shift from 5 am to 1:30 pm. When she arrived at

10  work, she and her co-workers regularly waited for a manager to arrive to open the store.

11      26.   The time spent waiting for a manager to unlock the door and let the employees in

12  ranged from five to thirty minutes – time which was unpaid by Defendants.

13                                  **Off-the-Clock Work**

14      27.   When ALBA clocked out of her shift for the day, she was routinely stopped by

15  management to have work-related discussions. Most often, ALBA was stopped by management to

16  discuss why certain tasks had not been completed, knowing that ALBA was clocked out of her shift.

17      28.   ALBA was involved in these discussions with management for approximately five to

18  ten minutes before she was able to leave the premises after she clocked out from her shift.

19                                  **Missed Meal Periods**

20      29.   Plaintiffs and the putative class members were not provided with meal periods of at

21  least thirty (30) minutes for each five (5) hour work period due to constant interruptions by

22  management.

23      30.   During their meal periods, management came into the break room and discussed with

24  Plaintiffs what was required of them when they returned to the floor. Management never granted

25  Plaintiffs the option of restarting their meal period once they had finished interrupting their current

26  meal period.

27      31.   As a result of Defendants' practice, Plaintiffs and the putative class were regularly

28  not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

1  worked due to management interrupting Plaintiffs and the putative class' with discussions about
2  their duties when returning to the floor.

3  **Missed Rest Periods**

4      32.    ALBA was not provided with rest periods of at least ten (10) minutes for each four
5  (4) hour work period on a routine basis, or major fraction thereof, due to Defendant imposing so
6  much work on each employee such that it made it unlikely that an employee would be able to take
7  their breaks if they wanted to finish their work on time.

8      33.    MONTGOMERY was not provided with rest periods of at least ten (10) minutes for
9  each four (4) hour work periods, or major fraction thereof, due to Defendant's policy and practice of
10 chronically understaffing each work shift with not enough workers.

11     34.    As a result of Defendant's policy and practice, Plaintiffs and the putative class were
12 regularly not provided with uninterrupted rest periods of at least ten minutes for each four (4) hours
13 worked due to Defendant's policy and practice of (1) interrupting rest periods and (2) chronically
14 understaffing each work shift with not enough workers.

15 **Payment of Wages Lower Than Designated Wage Scale**

16     35.    Plaintiffs and the putative class were supposed to be paid hourly at designated wage
17 scale as agreed between the parties.

18     36.    However, when Defendants failed to reimburse Plaintiffs and the putative class for
19 business expenses incurred by them in the discharge of their duties, this resulted in the payment of
20 wages lower than the designated wage scale.

21     37.    Specifically, the "wages" paid to Plaintiffs and the putative class were post-tax
22 earnings that were used to pay for expenses such as cell phones and uniforms.

23     38.    Accordingly, since such expenses were paid for by post-tax "wages", this effectively
24 resulted in Plaintiffs and the putative class being paid less than the designated wage scale in
25 violation of Labor Code section 223.

26 **Expense Reimbursement**

27 **Cell Phones**

28     39.    Plaintiffs and the putative class members were required to utilize their own personal

1   tools to perform their job duties.  For example, when customers wanted a Price Match or

2   information and inventory on a certain product, Plaintiffs and the putative class would utilize their

3   own personal cellphones to compare prices for products and check on inventory availability.

4       40.   Plaintiffs and the putative class members were not reimbursed for business expenses

5   incurred in utilizing their personal cellphones for work purposes.

6                              **Uniforms**

7       41.   Plaintiffs and the putative class members were required to purchase uniforms to wear

8   during work.  For example, Plaintiffs and the putative class were instructed to wear a red shirt and

9   beige pants.

10       42.   Plaintiffs and the putative class members were not reimbursed for business expenses

11   incurred in purchasing new uniforms for work purposes.

12       43.   Moreover, Plaintiffs and the putative class were not reimbursed for the cost of

13   maintaining these same uniforms.

14       44.   Defendants failed to reimburse Plaintiffs and the putative class for such necessary

15   business expenses incurred by them.

16                     **FIRST CAUSE OF ACTION**

17              **FAILURE TO PROVIDE MEAL PERIODS**

18           **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

19           **(Plaintiffs and Meal Period Sub-Class)**

20       45.   Plaintiffs incorporate by reference the preceding paragraphs of the Complaint as if

21   fully alleged herein.

22       46.   At all relevant times, Plaintiffs and the **Meal Period Sub-Class** members have been

23   non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

24   Code and the applicable Industrial Welfare Commission Wage Order.

25       47.   Labor Code section 512 and Section 11 of the applicable Industrial Welfare

26   Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

27   employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

28   of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

1   minutes for each work period of ten hours.

2       48.   Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

3   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

4   work during required meal periods and require employers to pay non-exempt employees an hour of

5   premium wages on each workday that the employee is not provided with the required meal period.

6       49.   Compensation for missed meal periods constitutes wages within the meaning of

7   Labor Code section 200.

8       50.   Labor Code section 1198 makes it unlawful to employ a person under conditions that

9   violate the applicable Wage Order.

10       51.   Section 11 of the applicable Wage Order states:

11         "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of

12         not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is

13         relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal

14         period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties

15         an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

16       52.   At all relevant times, Plaintiffs were not subject to a valid on-duty meal period

17   agreement. Plaintiffs are informed and believe that, at all relevant times, **Meal Period Sub-Class**

18   members were not subject to valid on-duty meal period agreements with Defendants.

19       53.   Plaintiffs allege that, at all relevant times during the applicable limitations period,

20   Defendants maintained a policy or practice of not providing Plaintiffs and members of the **Meal**

21   **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

22   each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

23   Order.

24       54.   At all relevant times, Defendants failed to pay Plaintiffs and the **Meal Period Sub-**

25   **Class** members additional premium wages, and/or were not paid premium wages at the employees'

26   regular rates of pay when required meal periods were not provided.

27       55.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of

28

1  themselves and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages,

2  interest thereon, and costs of suit.

3      56.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

4  substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves

5  and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

6  **SECOND CAUSE OF ACTION**

7  **FAILURE TO PROVIDE REST PERIODS**

8  **(Lab. Code §§ 204, 223, 226.7 and 1198)**

9  **(Plaintiffs and Rest Period Sub-Class)**

10      57.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

11  herein.

12      58.    At all relevant times, Plaintiffs and the **Rest Period Sub-Class** members have been

13  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

14  Code and the applicable Wage Order.

15      59.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

16  employers to permit and authorize employees to take required rest periods at a rate of no less than

17  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

18  in the middle of each work period insofar as practicable.

19      60.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

20  employers from requiring employees to work during required rest periods and require employers to

21  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

22  each workday that the employee is not provided with the required rest period(s).

23      61.    Compensation for missed rest periods constitutes wages within the meaning of Labor

24  Code section 200.

25      62.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

26  violate the Wage Order.

27      63.    Plaintiffs allege that, at all relevant times during the applicable limitations period,

28  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

10

1 with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

2 as required by the applicable Wage Order.

3      64.    At all relevant times, Defendants failed to pay Plaintiffs and the **Rest Period Sub-**

4 **Class** members additional premium wages when required rest periods were not provided.

5      65.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of

6 themselves and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest

7 thereon, and costs of suit.

8      66.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

9 substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves

10 and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

11 

**THIRD CAUSE OF ACTION**

12 **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

13 **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

14 **(Plaintiffs and Hourly Employee Class)**

15      67.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

16 herein.

17      68.    At all relevant times, Plaintiffs and **Hourly Employee Class** members are or have

18 been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

19 applicable Wage Order.

20      69.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

21 which an employee is subject to the control of the employer, and includes all the time the employee

22 is suffered or permitted to work, whether or not required to do so."

23      70.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

24 employees at least the minimum wage set forth therein for all hours worked, which consist of all

25 hours that an employer has actual or constructive knowledge that employees are working.

26      71.    Labor Code section 1194 invalidates any agreement between an employer and an

27 employee to work for less than the minimum or overtime wage required under the applicable Wage

28 Order.

72.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

73.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

74.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

75.     Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

76.     Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

77.     Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

78.     Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

79.     Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

80.     Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and **Hourly Employee Class** members with

respect to working conditions and compensation arrangements.

81.     At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

82.     Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

83.     If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

84.     At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiffs with minimum and/or overtime wages for all hours she worked as a result of its failure to maintain employee uniforms and/or pay her a weekly maintenance allowance.

85.     Plaintiffs are informed and believe that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

86.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

///
///
///

# FOURTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiffs and Expense Reimbursement Class)

87.   Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

88.   Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

89.   At all relevant times during the applicable limitations period, Plaintiffs and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, cellphone expenses and the purchase and maintenance of uniforms to be worn at all times during work hours.

90.   Plaintiffs are informed and believe, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiffs and **Expense Reimbursement Class** members for all necessary expenses incurred in the discharge of their duties.

91.   Plaintiffs are informed and believe and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all necessary business expenses incurred in the discharge of their duties.

92.   Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

93.   Section 9 of the applicable Wage Order states:

> "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

94.     At all relevant times during the applicable limitations period, Defendants required Plaintiffs and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

95.     At all relevant times during the applicable limitations period, Defendants required Plaintiffs and **Expense Reimbursement Class** members to purchase and maintain uniforms and apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiffs and **Expense Reimbursement Class** members for all such expenditures.

96.     Plaintiffs are informed and believe that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiffs and **Expense Reimbursement Class** members for all necessary business expenses.

97.     Accordingly, Plaintiffs and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

98.     Plaintiffs, on behalf of themselves, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

### **FIFTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

### **(Lab. Code § 226)**

### **(Plaintiffs and Wage Statement Penalties Sub-Class)**

99.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

100.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written

orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

101.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

102.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

103.    Plaintiffs are informed and believe that Defendants' failure to provide them and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

104.    Plaintiffs and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful

1  pay practices, has required discovery and mathematical computations to determine the amount of

2  wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records,

3  and/or has led to the submission of inaccurate information about wages and deductions to federal

4  and state government agencies.

5       105.   Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of themselves and **Wage**

6  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

7  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

8  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

9  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

10 and costs.

11                        **SIXTH CAUSE OF ACTION**

12                  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

13                        **(Lab. Code §§ 201-203)**

14            **(Plaintiffs and Waiting Time Penalties Sub-Class)**

15       106.   Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

16 herein.

17       107.   At all relevant times, Plaintiffs and **Waiting Time Penalties Sub-Class** members

18 have been entitled, upon the end of their employment with Defendants, to timely payment of all

19 wages earned and unpaid before termination or resignation.

20       108.   At all relevant times, pursuant to Labor Code section 201, employees who have been

21 discharged have been entitled to payment of all final wages immediately upon termination.

22       109.   At all relevant times, pursuant to Labor Code section 202, employees who have

23 resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

24 payment of all final wages at the time of resignation.

25       110.   At all relevant times, pursuant to Labor Code section 202, employees who have

26 resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

27 payment of all final wages within seventy-two (72) hours of giving notice of resignation.

28       111.   During the applicable limitations period, Defendants failed to pay Plaintiffs all of

                                17

their final wages in accordance with the Labor Code by failing to timely pay them all of their final wages.

112.     Plaintiffs are informed and believe that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

113.     Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

114.     Plaintiffs are informed and believe and thereupon alleges that Defendants' failure to timely pay all final wages to them and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

115.     Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

116.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiffs and UCL Class)

117.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

118.     Business and Professions Code section 17200 defines "unfair competition" to

1  include any unlawful business practice.

2     119.   Business and Professions Code section 17203-17204 allow a person who has lost

3  money or property as a result of unfair competition to bring a class action in accordance with Code

4  of Civil Procedure section 382 to recover money or property that may have been acquired from

5  similarly situated persons by means of unfair competition.

6     120.   California law requires employers to pay hourly, non-exempt employees for all hours

7  they are permitted or suffered to work, including hours that the employer knows or reasonable

8  should know that employees have worked.

9     121.   Plaintiffs and the **UCL Class** members re-alleges and incorporates the FIRST,

10  SECOND, THIRD and FOURTH causes of action herein.

11     122.   Plaintiffs lost money or property as a result of the aforementioned unfair

12  competition.

13     123.   Defendants have or may have acquired money by means of unfair competition.

14     124.   Plaintiffs are informed and believe and thereupon allege that by committing the

15  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

16  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

17  Labor Code violations alleged herein.

18     125.   Defendants have committed criminal conduct through their policies and practices of,

19  *inter alia*, failing to comport with their affirmative obligations as an employer to reimburse them for

20  all expenses such as cellphone expenses and the purchase and maintenance of uniforms to be worn

21  at all times during work hours.

22     126.   At all relevant times, Plaintiffs and **UCL Class** members have been non-exempt

23  employees and entitled to the full protections of both the Labor Code and the applicable Wage

24  Order.

25     127.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

26  constitutes unfair competition within the meaning of Business and Professions Code section 17200

27  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

28  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

1  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

2  behalf of similarly situated persons in a class action proceeding.

3      128.   As a result of Defendants' violations of the Labor Code during the applicable

4  limitations period, Plaintiffs have suffered an injury-in-fact and has lost money or property in the

5  form of earned wages.  Specifically, Plaintiffs have lost money or property as a result of

6  Defendants' conduct.

7      129.   Plaintiffs are informed and believe that other similarly situated persons have been

8  subject to the same unlawful policies or practices of Defendants.

9      130.   Due to the unfair and unlawful business practices in violation of the Labor Code,

10  Defendants have gained a competitive advantage over other comparable companies doing business

11  in the State of California that comply with their legal obligations.

12      131.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

13  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

14  violates or is considered unlawful under any other state or federal law.

15      132.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

16  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

17  Defendants, and each of them, and their agents and employees, from further violations of the Labor

18  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

19  an order permanently enjoining Defendants, and each of them, and their respective agents and

20  employees, from further violations of the Labor Code and applicable Industrial Welfare

21  Commission Wage Orders.

22      133.   Pursuant to Business and Professions Code section 17203, Plaintiffs, on behalf of

23  themselves and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

24  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

25  and unfair business practices.

26      134.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

27  and/or the common fund doctrine, Plaintiffs and **UCL Class** members are entitled to recover

28  reasonable attorneys' fees in connection with their unfair competition claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, prays for relief and judgment against Defendants as follows:

        (1)    An order that the action be certified as a class action;

        (2)    An order that Plaintiffs be appointed class representatives;

        (3)    An order that counsel for Plaintiffs be appointed class counsel;

        (4)    Unpaid wages;

        (5)    Actual damages;

        (6)    Liquidated damages;

        (7)    Restitution;

        (8)    Declaratory relief;

        (9)    Pre-judgment interest;

        (10)    Statutory penalties;

        (11)    Costs of suit;

        (12)    Reasonable attorneys' fees; and

        (13)    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves, all other similarly situated, hereby demands a jury trial on all issues so triable.

DATED: June 5, 2019               SETAREH LAW GROUP

 

                                 SHAUN SETAREH
                                 WILLIAM M. PAO
                                 ALEXANDRA R. MCINTOSH
                                 Attorneys for Plaintiffs
                                 SHERRY MONTGOMERY and
                                 YESENIA ALBA